Lin v. Holder

BIA
Bain, IJ
A087 481 027

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand twelve.

PRESENT:
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

CHANG DONG LIN,
        *Petitioner,*

                                          11-335-ag

        v.                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Zhou Wang, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Russell J. E. Verby, Senior
                        Litigation Counsel; John D.
                        Williams, Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chang Dong Lin, a native and citizen of the People's Republic of China, seeks review of a January 7, 2011 decision of the BIA affirming the July 7, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Dong Lin*, No. A087 481 027 (B.I.A. Jan. 7, 2011), *aff'g* No. A087 481 027 (Immig. Ct. N.Y. City July 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As a preliminary matter, Lin has not challenged the agency's denial of CAT relief, or its findings that he failed to

2

establish his eligibility for asylum based on being fined or threatened with sterilization for violating China's family planning policy. Accordingly, we address only his application for asylum and withholding of removal based on his other resistance to China's family planning policy.

Substantial evidence supports the agency's determination that Lin failed to establish past persecution. As Lin acknowledges, the agency correctly concluded that he was not eligible for asylum solely on the basis of his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nevertheless, he could still qualify for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See id.* at 313; 8 U.S.C. § 1101(a)(42); *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

Here, the agency found that the mistreatment Lin suffered did not rise to the level of persecution because he was not physically harmed during his one-day detention, and the beatings he endured before and during his three-day detention resulted only in mild injuries that did not

3

require medical treatment.  Given these facts and our precedents, we are hard-pressed to conclude that the agency's determination was anything other than reasonable. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). Because substantial evidence supports the agency's determination that Lin failed to demonstrate past persecution on account of his other resistance to China's family planning policy, it did not err in concluding that he failed to establish his eligibility for asylum or withholding of removal.  *See* 8 U.S.C. § 1252(b)(4)(B); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4